IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BESTWAY INFLATABLES & MATERIAL CORP.<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No.: |

**COMPLAINT**

Plaintiff BESTWAY INFLATABLES & MATERIAL CORP. ("Bestway" or "Plaintiff") brings this action against the Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"). In support of this Complaint, Bestway alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., and pursuant to 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

2. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, as each of the Defendants directly targets consumers in the United States, including in Illinois and in this District, through acts of trademark infringement and counterfeiting, as described herein.

4. Specifically, Defendants, under the cover of aliases, operate Internet enterprises, online marketplaces, profiles, stores and/or accounts (collectively, "Defendant Internet Stores"), through which consumers in Illinois and in this District can purchase products bearing, and/or that are sold using, counterfeit versions of Plaintiff's trademarks. Schedule A identifies the aliases Defendant's use ("Defendant Aliases") and URLs associated with each Defendant Internet Store.

5. Each of the Defendants has targeted and sought sales from Illinois residents by operating online stores that offer shipping to the United States, including to addresses in Illinois and in this District, accepting payments in U.S. dollars and, on information and belief, selling products bearing, and/or that are sold using, counterfeit versions of Plaintiff's federally registered trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in Illinois.

**INTRODUCTION**

6. Plaintiff files this action against online counterfeiters who, without consent, improperly trade on Plaintiff's reputation and goodwill by using unauthorized and counterfeit versions of Plaintiff's trademarks (the "BESTWAY Trademarks") to sell, offer for sale, distribute, or advertise infringing products ("Unauthorized BESTWAY Products").

7. The United States Patent and Trademark Office has granted Bestway registrations for the BESTWAY Trademarks, including but not limited to those corresponding to U.S. Trademark Registration Nos. 2,748,177; 2,756,976 and 5,702,452 (the "Registrations").

8. The Registrations are valid, subsisting, and in full force and effect. True and correct copies of federal trademark registration certificates for the BESTWAY Trademarks are attached hereto as Exhibit 1.

9. Defendants have created the Defendant Internet Stores, operate under one or more Defendant Aliases, and are advertising, offering for sale and selling Unauthorized BESTWAY Products to unsuspecting consumers. Defendant Internet Stores operating under the Defendant Aliases share unique identifiers, establishing a logical relationship between them and suggesting that Defendants' counterfeiting actions arise out of the same transaction or occurrence, or series of transactions or occurrences.

10. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting actions. Plaintiff files this action to address Defendants' counterfeiting of the BESTWAY Trademarks and to protect unknowing consumers from purchasing unauthorized counterfeit products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PLAINTIFF

11. Plaintiff Bestway is a corporation organized under the laws of China having a principal place of business at 3065 Cao An Road Shanghai, China, 201812.

12. Bestway is in the business of developing, marketing, selling and distributing products bearing the BESTWAY Trademarks. Bestway's products are inflatable leisure products, water sports products, and other related products that are developed and sold all around the world. Bestway began using the BESTWAY Trademarks in 1994.

13. As a result of Bestway's substantial expenditures of time, money, and other resources developing, advertising, and otherwise promoting quality products in association with the BESTWAY Trademarks, products associated with the BESTWAY Trademarks are recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Bestway.

14. The BESTWAY Trademarks are distinctive and identify the merchandise as goods from Plaintiff. The Registrations constitute prima facie evidence of their validity and of Plaintiff's exclusive right to use the BESTWAY Trademarks pursuant to 15 U.S.C. § 1057 (b).

15. Bestway has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the BESTWAY Trademarks. As a result, authorized products bearing the BESTWAY Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

16. The BESTWAY Trademarks have become famous, as that term is used in 15 U.S.C. §1125 (c)(1), and have been continuously used and never abandoned.

## THE DEFENDANTS

17. Defendants are individuals and business entities who, on information and belief, reside outside the United States. Defendants conduct business throughout the United States, including within Illinois and in this District, through the operation of online enterprises such as the Defendant Internet Stores.

18. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using infringing and counterfeit versions of the BESTWAY Trademarks in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operations and relatedness make it virtually impossible for Bestway to learn Defendants' true identities and the precise interworking of their counterfeit network.

### THE DEFENDANTS' UNLAWFUL CONDUCT

19. Bestway has identified numerous interactive internet stores and marketplace profiles associated with the Defendant Internet Stores on third-party platforms such as eBay and DHgate. See Schedule A. Defendants use the Defendant Aliases and the Defendant Internet Stores to advertise, offer for sale, sell, and import Unauthorized BESTWAY Products to consumers in this District and throughout the United States.

20. According to an intellectual property rights seizures statistics report issued by U.S. Customs and Border Protection ("CBP"), the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2018 was nearly $1.4 billion, up from over $1.2 billion in 2017. See Exhibit 2 (U.S. Customs and Border Protection Fiscal Year 2018 Seizure Statistics).

21. CBP reports that over 90% of its intellectual property seizures correspond to smaller international mail and express shipments, such as those used by Defendants. See Exhibit 2 at p. 15. Counterfeit and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

22. The Department of Homeland Security ("DHS") reports in a January 2020 publication on counterfeiting that commonly owned and/or interrelated enterprises have many online marketplace profiles that appear unrelated:

> Platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, nor to link one seller profile to other profiles owned by that same business, or by related businesses and owners. In addition, the party that appears as the seller on the invoice and the business or profile that appears on the platform to be the seller, may not always be the same. This lack of transparency allows one business to have many different profiles that can appear unrelated.

Exhibit 3 at p. 39 (Combating Trafficking in Counterfeit and Pirated Goods).

23. Defendants go to great lengths to operate anonymously and often use multiple Defendant Aliases to register and operate their networks of Defendant Internet Stores. Such Defendant Internet Store registration patterns are one of many common tactics Defendants use to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

24. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, some of the Defendant Internet Stores use identical or equivalent language to sell Unauthorized Bestway Products.

25. In addition, the Unauthorized Bestway Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the Unauthorized Bestway Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

26. On information and belief, Defendants communicate with each other and regularly participate in chat rooms and online forums regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

27. The Defendant Internet Stores also include other notable common features, including common payment methods, lack of contact information, identically or similarly-appearing products, identical or similarly priced items and volume sales discounts, and the use of the same text and images.

28. Defendants further perpetuate the illusion of legitimacy by offering indicia of authenticity that consumers have come to associate with authorized retailers, including Visa®, MasterCard®, and PayPal® logos. Plaintiff has not licensed or authorized Defendants to use its BESTWAY Trademarks, and none of the Defendants are authorized retailers of genuine BESTWAY products.

29. Further, counterfeiters, such as Defendants, typically operate multiple credit card merchant accounts and payment service accounts behind layers of payment gateways so that they can continue operation in spite of anti-counterfeiting enforcement efforts. Upon information and belief, counterfeiters, such as Defendants, maintain off-shore bank accounts and regularly move funds to evade enforcement of judgment.

30. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized BESTWAY Products in the same transaction, occurrence, or series of transactions or occurrences.

31. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the BESTWAY Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Bestway Products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the

United States, including to Illinois, and, on information and belief, each Defendant has offered to sell Unauthorized Bestway Products into the United States, including to Illinois.

32. Defendants' unauthorized use and counterfeiting of the BESTWAY Trademarks in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Bestway Products, including the sale of Unauthorized Bestway Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

33. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

34. Plaintiff is the exclusive owner of the BESTWAY Trademarks. Plaintiff's Registrations for the BESTWAY Trademarks (attached as Exhibit 1) are in full force and effect.

35. The marks used by Defendants in their promotion, advertising, marketing, offers for sale, and sale of the Unauthorized BESTWAY Products are identical with, or substantially indistinguishable from, the registered BESTWAY Trademarks.

36. Defendants have engaged in unauthorized uses in commerce of counterfeit imitations of the registered BESTWAY Trademarks in connection with the sales, offers for sale, distribution, and/or advertising of infringing goods.

37. The BESTWAY Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products provided under the BESTWAY Trademarks.

38. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the BESTWAY Trademark's without Plaintiff's authorization or permission.

39. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the BESTWAY Trademarks, and are willfully infringing and intentionally using counterfeits of the BESTWAY Trademarks despite such knowledge.

40. Defendants' willful, intentional and unauthorized use of the BESTWAY Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

41. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42. Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known BESTWAY Trademarks.

43. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Bestway Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

44. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

45. Defendants' promotion, advertising, marketing, offering for sale, and sale of Unauthorized Bestway Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Unauthorized Bestway Products by Plaintiff.

46. By using the BESTWAY Trademarks in connection with the sale of Unauthorized Bestway Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Bestway Products.

47. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Bestway Products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

48. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, et seq.)

49. Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

50. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Unauthorized Bestway Products as those of Plaintiff, causing a likelihood of

confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine BESTWAY products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

51. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

52. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily preliminarily, and permanently enjoined and restrained from:

   a. using the BESTWAY Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine BESTWAY product or is not authorized by Plaintiff to be sold in connection with the BESTWAY Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine BESTWAY product or any other product produced by Plaintiff that is not Plaintiff's

11

       or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the BESTWAY Trademarks;

  c. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Bestway Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

  d. further infringing the BESTWAY Trademarks and damaging Plaintiff's goodwill;

  e. otherwise competing unfairly with Plaintiff in any manner;

  f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff trademark, including the BESTWAY Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

  g. using, linking to, transferring, selling, exercising control over, or otherwise owning any domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Unauthorized Bestway Products;

  h. operating and/or hosting websites or domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the BESTWAY Trademarks or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine BESTWAY product or not authorized by Plaintiff to be sold in connection with the BESTWAY Trademarks; and

2) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under

oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, a through h, above;

3) Entry of an Order that, at Plaintiff's choosing, the registrant of any domain names used by Defendants to infringe the Bestway Trademarks ("Infringing Domain Names") shall be changed from the current registrant to Plaintiff, and that the domain name registries for Infringing Domain Names shall unlock and change the registrar of record for the domain names to a registrar of Plaintiff's selection, and that the domain name registrars take any steps necessary to transfer the Infringing Domain Names to a registrar of Plaintiff's selection; or that the same domain name registries shall disable the Infringing Domain Names and make them inactive and untransferable;

4) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any third party online marketplaces such as iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively, "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for any Infringing Domain Names, and domain name registrars, shall:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of Unauthorized Bestway Products using the BESTWAY Trademarks, including any accounts associated with the Defendants listed on Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Unauthorized Bestway Products using the BESTWAY Trademarks; and

   c. take all steps necessary to prevent links to any Infringing Domain Names, from displaying in search results, including, but not limited to, removing links to any Infringing Domain Names from any search index; and

5) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the BESTWAY Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

6) In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the BESTWAY Trademarks;

7) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

8) Award any and all other relief that this Court deems just and proper.

DATED: February 14, 2020                    Respectfully submitted,

*/s/ Matthew A. Werber*
Matthew A. Werber (Ill. # 6287658)
mwerber@nixonpeabody.com
Ariel Roth (Ill. # 6327096)
aroth@nixonpeabody.com
**NIXON PEABODY LLP**
70 W. Madison St., Suite 3500
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

***ATTORNEYS FOR PLAINTIFF***